UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELENA KRAVTCHENKO,
Individually and on behalf of a class,

                         Plaintiff,

- against -

PENTAGROUP FINANCIAL, LLC,

                         Defendant.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Pentagroup Financial, LLC. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692c, 1692d, 1692e, 1692f, and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Elena Kravtchenko, is an individual resident of the State of New York, residing in the County of Kings. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Pentagroup Financial, LLC is a Texas Foreign Limited Liability Company doing business in New York with a principal place of business located at 5959 Corporate Drive, Houston, Texas 77036. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about August 6, 2010, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A is, on information and belief, a form letter.

9. On August 12, 2010, Plaintiff, through his counsel, wrote to defendant disputing the debt and requesting verification of the debt including the full corporate name and address of the original creditor. Plaintiff's dispute letter is annexed hereto as Exhibit B.

10. Upon information and belief, defendant received Plaintiff's dispute letter.

11. On or about July 19, 2011, Plaintiff received further communication from defendant which was addressed to Plaintiff at her Brooklyn (Kings' County), NY address. Defendant's communication is annexed hereto as Exhibit C. Exhibit C is in the form of a "first letter" through which defendant refuses to provide the duly requested address of the original creditor as required by 15 U.S.C. §1692g(a)(5).

12. The letter attached as Exhibit C attempts to collect a disputed debt prior to the debt collector verifying the disputed debt in violation of 15 U.S.C. §1692g(b).

13. Both Exhibit A (the original letter) and Exhibit C (the alleged verification letter) are attempts to collect HSBC Bank Nevada N.A., account number 0000008076177156 which is alleged to have been purchased by CACH, LLC, account number 15386040091100646 and attempt to collect similar amounts (adjusted for almost one year's interest). However, in an effort to use false, deceptive and misleading means of collecting this debt, defendant changed its internal reference number on Exhibit C in order to make it appear that the verification letter is simply a "first letter" on a new account when in fact it is a continuation of defendant's collection efforts without providing the requisite verification in violation of 15 U.S.C. §1692e. The internal reference number is located on the bottom right of both letters. On Exhibit A the number is 197.3446 and on Exhibit C the number is 202.3405.

14. By changing the internal reference number while maintaining all other aspect of the account including the account number and the amount due (adjusted for interest), defendant's communication by and through Exhibit C is an attempt to lead Plaintiff and the

least sophisticated consumer to believe that Exhibit C refers to a different debt from Exhibit A.

15. Exhibit C is simply a means to circumvent the requirements of 15 U.S.C. §1692g(b).

16. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

17. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth at length herein.

18. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

19. Defendant's debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692e, 1692e(2), 1692e(10), 1692g, 1692g(a)(2), 1692g(a)(5), and 1692(b).

### CLASS ALLEGATIONS

20. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

21. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action (e) who disputed the debt and asked for verification of the debt and (f) who were sent a letter as Exhibit C.

22. The class is so numerous that joinder is impracticable.

23. On information and belief, there are more than 50 natural persons who were sent letters similar to Exhibit A and Exhibit C on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

24. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c, 1692e, 1692e(2), 1692e(10), 1692g, 1692g(a)(2), 1692g(a)(5), and 1692(b);

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

25. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

27. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA; and

d) For such other and further relief which this court deems just and proper.


Dated: New York, New York
August 16, 2011

SHAKED & POSNER
Attorneys for Plaintiff

By: _____
Dan Shaked (DS-3331)
255 West 36th St., Fl. 8
New York, NY 10018
Tel. (212) 494-0035
Fax (646) 367-4951
e-mail: dan@shakedandposner.com


**JURY DEMAND**

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)

**EXHIBIT A**

# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 951-0638
Houston Local: (832) 615-2124



AUGUST   06TH, 2010



S *****AUTO**MIXED AADC 350
25672-060/15386040091100646/3446    197
ELENA KRAVTCHENKO
10 SHORE BLVD APT 1H
BROOKLYN, NY 11235-4022

21456

21456

RE:   Current Creditor:        CACH, LLC
      Original Creditor:       HSBC BANK NEVADA NA
      Current Balance Due:     $40,417.49
      Current Account No.:     15386040091100646
      Original Account No.:    0000008076177156

Dear ELENA KRAVTCHENKO:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

New York City Department of Consumer Affairs License # 1253819

indis.ny

197.3446

**EXHIBIT B**

## SHAKED & POSNER
ATTORNEYS-AT-LAW
255 WEST 36TH STREET
8TH FLOOR
NEW YORK, NEW YORK 10018

TEL (212) 494-0035
FAX (646) 367-4951

August 12, 2010

Pentagroup Financial, LLC
Attn: Dispute Department
5959 Corporate Drive, Ste. 1400
Houston, TX 77036

Re:  **CACH, LLC w/Elena Kravtchenko**
     **Account No. 15386040091100646**
     **Disputed Balance: $40,417.49**

Dear Dispute Department:

Please be advised that I represent Elena Kravtchenko. Please be advised that my client disputes the claimed debt.
Please provide the undersigned with a copy of the Signed Agreement and Account History which verifies the amount claimed.
In accordance with the Uniform Commercial Code (UCC), please provide copies of the Assignments and other documents showing that **CACH, LLC** is the Assignee of the debt and that you are legally authorized to attempt to collect this debt from the consumer.
Unless and until such proof is furnished, my client does not recognize any right on your part to attempt to collect any amount through any means, including credit reporting.
My client refuses to pay any debt which has not been substantiated in the manner requested.
Please cease further communications until you can provide the substantiation.

Please provide Shaked & Posner the full corporate name of the original creditor.

Please provide Shaked & Posner the address of the original creditor.

Very truly yours,

Dan Shaked, Esq.

**EXHIBIT C**

# Pentagroup Financial, LLC

5 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 997-5339
Houston Local: (832) 615-2281



JULY 19TH, 2011



S *****AUTO**MIXED AADC 350
31233-190/15386040091100646/3405    202
ELENA KRAVTCHENKO
10 SHORE BLVD APT 1H
BROOKLYN, NY 11235-4022

04814

| RE: | Current Creditor: | CACH, LLC |
|---|---|---|
| | Original Creditor: | HSBC BANK NEVADA NA |
| | Current Balance Due: | $47,769.28 |
| | Current Account No.: | 15386040091100646 |
| | Original Account No.: | 0000008076177156 |

Dear ELENA KRAVTCHENKO:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

New York City Department of Consumer Affairs Permit # 1253819

indis.ny

202.3405